UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT THOMAS CAVALIER, CDCR #E-98747,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 20cv1615-MMA-DEB<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDERS REQUIRING AMENDMENT** |

　　　　Plaintiff Robert Thomas Cavalier, incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff claimed the Governor of California, a former Secretary of the California Department of Corrections and Rehabilitation, the Director of the Board of Parole Hearings ("BPH"), and BPH Commissioner Randy Grounds violated his Eighth and Fourteenth Amendment rights during a September 6, 2019 parole suitability hearing.  *See* "Compl.," Doc. No. 1 at 1–6.

**I.　　Procedural History**

　　　　On December 11, 2020, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C.

1  § 1915(e)(2)(B) and § 1915A(b).  *See* Doc. No. 7.  The Court granted Plaintiff 45 days
2  leave in which to file an Amended Complaint that corrected his pleading deficiencies.
3  *See id.* at 21–22; *see also Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en
4  banc) ("[A] district court should grant leave to amend even if no request to amend the
5  pleading was made, unless it determines that the pleading could not possibly be cured.")
6  (citation omitted)).

7      Plaintiff has since been granted three separate and generous extensions of time in
8  which to file his Amended Complaint, which was last ordered due by June 14, 2021.  *See*
9  Doc. Nos. 9, 11, 13.  Almost two months have elapsed since that time, but to date
10 Plaintiff has failed to amend in response to the Court's repeated Orders, and has not
11 sought any additional extensions of time in which to comply.[1]  "The failure of the
12 plaintiff eventually to respond to the court's ultimatum–either by amending the complaint
13 or by indicating to the court that [he] will not do so–is properly met with the sanction of a
14 Rule 41(b) dismissal."  *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

15 **II.  Conclusion and Order**

16     Accordingly, the Court **DISMISSES** this civil action in its entirety based on
17 Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28
18 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by
19 Court's December 11, 2020, December 31, 2020, February 26, 2021, and April 20, 2021
20 Orders.
21 //
22 //

---

[1] The Court notes that Plaintiff submitted a document to RJD library officials for electronic filing on May 17, 2021, but the Court rejected it, returned it to Plaintiff via U.S. Mail on May 18, 2021, and directed him to properly re-file his Amended Complaint with the Clerk of the Court via U.S. Mail on or before June 14, 2021.  *See* Doc. Nos. 14, 14-1.  S.D. Cal. General Order 653A permits e-filing from RJD only for "initial filings by plaintiffs, defined as the complaint, an application to proceed in forma pauperis[,] … a motion seeking relief from [GO 653A], [or] a motion to exceed the page limits (initial documents." …. "*After the initial filings, other filings [must] be mailed.*" (emphasis added).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the case.

**IT IS SO ORDERED**.

DATE: August 5, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge